UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL T. GIOIA,<br><br>       Plaintiff,<br><br>v.<br><br>ALTICE USA, INC. and PATRICK XIQUES,<br><br>       Defendants. | Docket No. 21 cv.<br><br>**COMPLAINT**<br><br>**PLAINTIFF DEMANDS<br>A TRIAL BY JURY** |

  Plaintiff, Paul T. Gioia, by and through his attorneys, The Dweck Law Firm, LLP, complains of the Defendants and respectfully alleges to this Court as follows:

## INTRODUCTION and NATURE OF ACTION

  1. Defendant, Altice USA, Inc. ("Altice"), is in the business of providing cable television and internet services. Plaintiff, age 57, was employed by Altice since 2016 as a Sales Director. He was a dedicated and loyal employee, who performed well and consistently met or exceeded expectations. In return for Plaintiff's hard work, loyalty and commitment, he was advised on February 26, 2020 that his employment was being terminated effective immediately. At age 56, at the start of the pandemic, Plaintiff was out of work.

  2. Plaintiff now brings these claims to recover damages for discrimination on the basis of his age in the terms, conditions and privileges of his employment under the New York Executive Law § 290, *et seq.* ("NYSHRL") and the New York City Administrative Code § 8-102 et. Seq. ("NYCADC"). Plaintiff's claims against the individual Defendant, Patrick Xiques, who

was the supervisor of Plaintiff are based upon the NYSHRL and NYCADC for having participated in and/or aided and abetted in the discriminatory treatment of Plaintiff.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 (a)(1) in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue is properly laid in the Eastern District of New York, pursuant to 28 U.S.C. §1392(a), because the Eastern District of New York is the judicial district within the state in which a substantial part of the events forming the basis of this lawsuit are alleged to have been committed.

## PARTIES

5. At all times hereinafter mentioned, Plaintiff was and still is a citizen of the State of Connecticut.

6. Plaintiff is a male, 57 years old and was born in 1964.

7. At all times material herein, Plaintiff was an "employee" entitled to protections within the meaning of the NYSHRL and the NYCADC.

8. Defendant, Altice is a Delaware Corporation with its principal offices located at One Court Square Long Island City, New York.

9. Altice is an employer within the meaning of the NYSHRL.

10. Altice is an employer within the meaning of the NYCADC.

11. Defendant Patrick Xiques (hereinafter "Xiques") is a citizen of the State of New York.

12. Xiques, at all relevant times, was the supervisor of Plaintiff and exercised domination and control over his day-to-day activities.

## PREREQUISITES

13. BefPlaintiff caused a copy of it to be served upon the Corporation Counsel of the City of New York.

14. Plaintiff caused a copy of it to be served upon the City of New York Commission on Human Rights.

## BACKGROUND OF PLAINTIFF'S EMPLOYMENT

15. Plaintiff commenced his employment with Altice in April 2016 as a Sales Director.

16. As Sales Director Plaintiff's territory, which he visited and supervised team members, included parts of Long Island as well as parts of Brooklyn and Staten Island.

17. Throughout Plaintiff's tenure with Altice, he received regular salary increases and bonuses.

18. Plaintiff's last base salary was $125,000 per year.

19. Plaintiff received an annual bonus each year while employed by Altice.

20. Plaintiff's last annual bonus was approximately $150,000.

21. During Plaintiff's tenure with Altice, he also received various other benefits including health insurance, retirement benefits and other company benefits.

22. At all relevant times Plaintiff was fully qualified for the position(s) which he held.

23. At all times during his employment by Altice, and up until the last day of his employment, Plaintiff performed his services competently, faithfully, diligently and in an outstanding manner.

24. For at least the last two years, Plaintiff was at or close to 100% of the goals set for him by Altice.

25. Out of the five sales teams in the region in which Plaintiff worked his team was ranked second.

26. During Plaintiff's employment with Altice Plaintiff and a member of his team closed the largest deal recorded in the history of Altice.

27. On February 26, 2020 Plaintiff's employment was summarily terminated.

28. At the time of Plaintiff's termination, he was advised that his employment was being terminated due to "Order Quality."

29. Upon information and belief that is a pretext for Plaintiff's termination, and Plaintiff's age was a substantial and/or motivating factor in the decision to terminate Plaintiff's employment.

30. Upon information and belief, it was common practice within Altice to typically warn an employee about "Order Quality" issues before taking action, and especially before taking the drastic action of termination.

31. Plaintiff was never warned of any issues regarding "Order Quality" prior to his termination.

## AGE DISCRIMINATION

32. Defendant's actions, which include but are not necessarily limited to the following, represent a systematic pattern and practice of age discrimination:

    (a) subjecting Plaintiff to age related comments such as:

        i. On numerous occasions, during weekly and monthly conference calls with Regional Sales Directors, Xiques referred to Plaintiff as the "Old Man," and made comments regarding Plaintiff's age including but not limited to "Old Like Paul" and "so old, Paul had hair."

        ii. On numerous occasions, during weekly and monthly conference calls Xiques stated that "we need to get younger" referring to the make up of the sales teams;

        iii. During discussions regarding services that Altice provides to nursing homes and hospitals or any healthcare providers Xiques would follow up with a comment regarding Plaintiff's age.

        iv. On or about February 19, 2020 while Plaintiff was sitting at a lunch table with co-workers, one of the team members commented on a foul smell at which time Xiques stated "That's Paul's colostomy bag."

        v. The above referenced comments by Xiques are examples of age-related statements and do not constitute all of the age related statements made by Xiques as they were made with such frequency and regularity.

    These comments, when taken alone or in the entire context of the facts alleged in this Complaint, demonstrate a culture of ageism and adverse decisions motivated by age.

    (b) Engaging in a pattern and practice of hiring younger employees;

    (c) Engaging in a pattern and practice of not hiring older employees;

(d) Engaging in a pattern and practice of making hiring and other business-related decisions based upon age; and

(e) Engaging in a pattern and practice of reassigning duties from older employees to younger employees.

## COUNT I
## AGE DISCRIMINATION UNDER THE NYSHRL
### Hostile Environment

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the Complaint numbered 1 through 32 inclusive with the same force and effect as is fully set forth at length herein.

34. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age in having subjected him to a hostile work environment. By reason thereof, Defendants violated the NYSHRL.

35. As a direct and proximate result of the unlawful and discriminatory practices of Defendants as aforedescribed, Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful discriminatory practices and acts of the Defendants.

36. As a direct and proximate result of the discriminatory practices of the Defendants, Plaintiff has also sustained significant economic damages.

## COUNT II

## AGE DISCRIMINATION UNDER THE NYSHRL

### Termination

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered 1 through 32 inclusive with the same force and effect as is fully set forth at length herein.

38. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age in having terminated his employment. By reason thereof, Defendants violated the NYSHRL.

39. As a direct and proximate result of the unlawful and discriminatory practices of Defendants as aforedescribed, Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful discriminatory practices and acts of the Defendants.

40. As a direct and proximate result of the discriminatory practices of the Defendants, Plaintiff has also sustained significant economic damages.

## COUNT III

## AGE DISCRIMINATION UNDER THE NYCADC

### Hostile Environment

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered 1 through 32 inclusive with the same force and effect as is fully set forth at length herein.

42. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age in having subjected him to a hostile work environment. By reason thereof, Defendants violated the NYCADC.

43. As a direct and proximate result of the unlawful and discriminatory practices of Defendants as aforedescribed, Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful discriminatory practices and acts of the Defendants.

44. As a direct and proximate result of the discriminatory practices of the Defendants, Plaintiff has also sustained significant economic damages.

## COUNT IV

## AGE DISCRIMINATION UNDER THE NYCADC

### Termination

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs of the complaint numbered 1 through 32 inclusive with the same force and effect as is fully set forth at length herein.

46. Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of his employment because of his age in having terminated his employment. By reason thereof, Defendants violated the NYCADC.

47. As a direct and proximate result of the unlawful and discriminatory practices of Defendants as aforedescribed, Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful discriminatory practices and acts of the Defendants.

48. As a direct and proximate result of the discriminatory practices of the Defendants, Plaintiff has also sustained significant economic damages.

**WHEREFORE,** Plaintiff demands the following relief:

    A.    A money judgment against Defendants for his damages including but not limited to lost wages, lost benefits, other economic damages and for shame, humiliation, embarrassment and mental distress;

    B.    Punitive damages;

    C.    An award of attorney's fees;

    D.    Prejudgment interest and costs; and

    E.    Such further and additional relief as this court deems just and appropriate under the circumstances.

THE DWECK LAW FIRM LLP

By: *s/ H.P. Sean Dweck*
H.P. Sean Dweck (HPSD-4187)
*Attorneys for Plaintiff*
10 Rockefeller Plaza
Suite 1015
New York, New York 10020
(212) 687-8200
hpsdweck@dwecklaw.com